257 N.J. Super. 155 (1992)
607 A.2d 1386
NEIL S. SULLIVAN ASSOCIATES, LTD., PLAINTIFF,
v.
MEDCO CONTAINMENT SERVICES, INC., MEDCO DATA CORPORATION AND PAID PRESCRIPTIONS, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division Morris County.
Decided May 13, 1992.
*156 Maureen S. Binetti for the plaintiff (Wilentz, Goldman & Spitzer, Attorneys.)
Charles A. Reid, III and Andrew P. Slowinski, for the defendant (Shanley & Fisher, Attorneys.)
HARPER, JOHN J., J.S.C.
Plaintiff, Neil S. Sullivan, instituted this suit against the defendants, Medco Containment Services, Inc., Medco Data Corporation and Paid Prescriptions, Inc., alleging that defendants are guilty of breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff's cause of action arises from a contract for work which was to have been performed by plaintiff on defendant's computer room project. James Nelson, now a resident of Ohio, was defendant Paid Prescriptions Vice President of Computer Operations and was personally responsible for overseeing the construction of the computer room. Mr. Nelson was terminated from his employment in June, 1990, ten months before plaintiff filed his complaint.
Plaintiff has brought a motion before this court seeking permission to conduct an ex parte telephone interview with defendant's former employee, James Nelson. The reasons provided by plaintiff for allowing an ex parte interview are simply that a telephone interview would avoid the deposition costs and *157 travel expenses which would be incurred if Mr. Nelson had to be deposed in Ohio. Moreover, an ex parte interview would avoid any chilling effect potentially caused by the presence of defendant's counsel.
The conducting of an ex parte interview with defendant's former employee is regulated by Rule 4.2 of the American Bar Association Model Rules of Professional Conduct. Rule 4.2 provides:
In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.
RPC 4.2 is an ethical rule which was created to preserve the integrity of the attorney-client relationship. This ethical rule protects a represented party from the experience and skill of opposing counsel by prohibiting any communications without the consent of the represented party's attorney. RPC 4.2 also serves the purpose of preventing a professionally trained attorney from coercing damaging admissions from an inexperienced layman.
There are several cases in this jurisdiction which have addressed RPC 4.2 and its applicability to ex parte communications with a party's former employees. A chronological overview of these cases reveals that the most recent decisions, which permit ex parte interviews with a party's former employees, represent the proper governing law in this area.
On September 19, 1990, the Honorable Nicholas H. Politan held in the case of Public Service Electric & Gas v. Associated Electric & Gas Insurance Services, LTD., 745 F. Supp. 1037 (D.N.J. 1990) (PSE & G) that RPC 4.2 operates as an absolute prohibition against an opposing counsel contacting a former employee of a corporate party for the purposes of conducting an ex parte interview. In so deciding, Judge Politan considered the comment to RPC 4.2, which provides in relevant part:
In the case of an organization, the Rule prohibits communications by a lawyer for one party concerning the matter in representation [1] with persons having a *158 managerial responsibility on behalf of the organization, and with any other person, [2] whose act or omission in connection with that matter may be imputed to the organization for the purposes of civil or criminal liability, or [3] whose statement may constitute an admission on the part of the organization.
PSE & G, 745 F. Supp. at 1039. Thus, Judge Politan interpreted the phrase "any other person" as a general category which would naturally encompass a corporate party's former employees. It should be noted that PSE & G is the only reported decision in New Jersey which holds that RPC 4.2 operates as a total ban on ex parte communications with former employees of a corporate party.
Four months later, the federal district court adopted a middle ground approach in the case of Curley v. Cumberland Farms, 134 F.R.D. 77 (D.N.J. 1991). In refusing to accept the bright line test enunciated in PSE & G, Curley utilized the comment to RPC 4.2 and held that a person is considered to be "represented" by counsel and thus, not to be interviewed ex parte if that person is either "(1) a person `having managerial responsibility on behalf of the organization' or (2) a person `whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability' or (3) a person `whose statement may constitute an admission on the part of the organization.' ABA Comment to RPC 4.2 [emphasis added]." Curley, 134 F.R.D. at 88.
After applying this middle ground approach, Curley held that RPC 4.2 did not prohibit ex parte contact with the corporate defendant's former employees. Since these former employees did not occupy a corporate level managerial position, and their acts or omissions could not be imputed to the corporate defendant, and they were not in any position where their admissions could bind the corporate defendant, these former employees were not considered to be represented by Cumberland's counsel or private counsel. Thus, RPC 4.2 does not operate as a bar to plaintiff's conducting an ex parte interview of the corporate defendant's "unrepresented" former employees.
*159 In order to clarify the existing state of the law in this area, the American Bar Association authored a Formal Ethics Opinion addressing the applicability of RPC 4.2 to a corporate party's former employees. Although the committee acknowledged the persuasive policy arguments for extending RPC 4.2 to include former employees of a corporate party, "the fact remains that the text of the Rules does not do so and the comment gives no basis for concluding that such coverage was intended." American Bar Association, F.O. 91-359 (March 22, 1991) at 5. Thus, the ABA opinion held:
Accordingly, it is the opinion of the committee that a lawyer representing a client in a matter adverse to a corporate party that is represented by another lawyer may, without violating Model Rule 4.2, communicate about the subject of the representation with an unrepresented former employee of the corporate party without the consent of the corporation's lawyer.
With respect to any unrepresented former employee, of course, the potentially-communicating adversary attorney must be careful not to seek to induce the former employee to violate the privilege attaching to attorney-client communications to the extent his or her communications as a former employee with his or her former employer's counsel are protected by the privilege.
This last comment emphasizes the need for counsel to refrain from eliciting any privileged information from an unrepresented, former employee of a corporate party.
Since the ABA opinion, four cases have been decided which address this issue. The first of those decisions, Erickson v. Winthrop Laboratories, 249 N.J. Super. 137, 592 A.2d 33 (Law Div. 1991), came less than one month after the ABA opinion and does not even mention the ABA opinion. In Erickson, the court adopted the Curley middle ground approach and applied that three part analysis to the relevant facts. In Erickson, the person to be contacted was found to be a former manager of the defendant corporation. Based on a theory of respondeat superior, the court determined that any admissions made by this former manager could be imputed to the defendants. Thus, for purposes of RPC 4.2, this person was a party represented by corporate counsel and RPC 4.2 prohibits any ex parte communications with such an individual.
*160 On the same day as the Erickson opinion, the Superior Court, Appellate Division decided the case of State v. Ciba-Geigy Corp., 247 N.J. Super. 314, 589 A.2d 180 (App.Div. 1991). This case has resulted in some confusion as to whether the decision of the court even encompassed former employees. This is due to the fact that the lower court had denied defendant's motion for a protective order which would have prohibited plaintiff's counsel from conducting ex parte interviews of current or former employees of defendant corporation. However, the Appellate Division's decision does not address former employees but simply decided the case as it involves a corporate defendant's current employees.
The entire tone of the opinion indicates that only current employees are the subject matter in dispute, and the court clearly supports this conclusion when it states, "[the] opinions dealing with former employees have limited value in this context because ex-employees can rarely, if ever, make an admission which can bind, or take action which can be imputed to, a former principal." Ciba, 247 N.J. Super. at 323, 589 A.2d 180. Moreover, the Ciba holding merely adopts the New York Court of Appeals decision in Niesig v. Team I, 76 N.Y.2d 363, 559 N.Y.S.2d 493, 558 N.E.2d 1030 (1990) and, the Niesig court clearly held that DR 7-104(a)(1), which is New York's equivalent to RPC 4.2, does not even apply to former employees.
The two most recent decisions concerning this area of the law have adopted the ABA opinion and, in this court's opinion, reflect the proper interpretation of RPC 4.2. In In re Environmental, 252 N.J. Super. 510, 600 A.2d 165 (Law Div. 1991), the court specifically held that RPC 4.2 does not bar ex parte communications with former employees. More specifically, the court's holding stated as follows:
Accordingly, for the foregoing reasons, informal interviews of former employees of a corporate entity are not ethically prohibited by RPC 4.2 and 4.3. RPC 4.2 only precludes contact with persons who are part of the litigation, not mere witnesses. In this respect, RPC 4.2 does not preclude informal contact with such former employees. Further, in order to avoid any unethical conduct and *161 any behavior which may taint trial in these consolidated matters, this court deems it necessary, in the interest of truth and justice, to require any party conducting an ex parte interview with a former employee to read the aforementioned script, so as to insure that the standards set forth in RPC 4.3 will be followed, and if a written statement is signed by the former employee, the script shall also be included and signed by the former employee.
Environmental, 252 N.J. Super. at 524, 600 A.2d 165. RPC 4.3 dictates how an attorney should conduct himself when dealing with an unrepresented person. RPC 4.3 must be followed if an ex parte interview is to be conducted.
Most recently, the District Court heard the case of Hanntz v. Shiley, Inc. A Division of Pfizer, Inc., & Pfizer, Inc., 766 F. Supp. 258 (D.N.J. 1991). Once again, RPC 4.2 was interpreted to permit ex parte communications with former employees of a corporate party. The Hanntz court completely adopted the ABA's formal opinion that RPC 4.2, by its terms, simply does not apply to former employees.
In so holding, Hanntz discussed the purposes of RPC 4.2 and how the primary goals of RPC 4.2 are not furthered in situations involving former employees. First, RPC 4.2 was intended to prevent an unrepresented party from being overwhelmed by opposing counsel. Second, RPC 4.2 was "designed to prevent trickery or other conduct intended to induce the represented party to somehow impair, compromise or settle his or her own case." Hanntz, 766 F. Supp. at 265. Lastly, RPC 4.2 protects the attorney-client relationship from being disturbed by opposing counsel. A non-party, such as a corporate party's former employee, simply would not be influenced by opposing counsel or persuaded into settlement because he is not a "party" to this adversarial system. Therefore, the policy reasons behind RPC 4.2 are only advanced when an ex parte communication is requested of a party to the suit. The rule was not written to include former employees nor was it intended to be read so broadly.
The case sub judice addresses the exact situation presented in Hanntz. Plaintiff is seeking an ex parte interview with a former employee of a corporate defendant. The former employee, *162 James Nelson, is not a party to this law suit. Nothing Mr. Nelson says can be imputed to defendant corporation nor be construed as an admission on the part of the corporate party. As discussed above, the explicit language of RPC 4.2 does not concern ex parte communications with former employees, and thus, plaintiff's motion to conduct an ex parte telephone interview with Mr. Nelson is granted.
Plaintiff's counsel must abide by the guidelines of RPC 4.3 which dictate how an attorney should conduct an interview with an unrepresented person. Plaintiff's counsel should disclose her role in this litigation, the identity of her client, and the fact that the former employer is a party adverse to her client. Likewise, plaintiff's attorney may not seek to elicit any privileged information.
The accompanying order will be entered.